SAM BARLOW, Appellant, v. W. F. RUTHENBERG and First International Bank of Minot, North Dakota, Respondents.

(199 N. W. 39.)

**Bailment — lien on one piece of property not acquired for alteration or repair of another.**

1. While chapter 182 of the Session Laws of 1917 authorizes the inclusion within one lien statement of various items of labor performed, or materials furnished, for which a lien is given and descriptions of various articles of personal property altered or repaired, it does not give a lien upon one piece of property for the alteration or repair of another.

**Bailment — rule stated as to loss of lien as effected by time of filing.**

2. A lien for repairs on personalty, under chapter 182, Session Laws of 1917, is lost if not filed within thirty days after the furnishing of materials and labor therefor, and it is not revived by the furnishing of other labor and materials for other property at a later time for all of which charges are made in an open, running account.

Opinion filed May 3, 1924.

Bailments, 6 C. J. § 82 p. 1134 n. 27; § 84 p. 1136 n. 45; § 87 p. 1137 n. 77 New.

Appeal from the · District Court of Ward County, *Moellring,* J. Affirmed.

*John J. Coyle,* for appellant.

"Whether this lien takes preference and precedence of a chattel mortgage previously recorded or filed depends upon the circumstances attending the creation of the lien. It is certain that the mortgagor cannot by contract create a lien which shall have priority over such mortgage. But the mortgagee's authority for the creation of such a lien may be implied, and *the implication arises from the mortgagor's being allowed to remain in possession of the chattel, and to use it for profit.* Thus, where the subject of the mortgage was a hack let for hire and was described as 'now in use' at certain stables, and it was stipulated that the mortgagor might retain possession and use of it, it was regarded as the manifest intention of the parties that the hack should continue to be driven for hire, and should be kept in a proper state of repair for that purpose, not merely for the benefit of the mort-

gagor but also by preserving the value of the security and affording a means wherewithal to pay off the mortgage debt." See 2 Jones, Liens, 3d ed. p. 760; Hammond v. Danielson, 126 Mass. 294; Watts v. Sweeney, 127 Ind. 116, 22 Am. St. Rep. 615, 26 N. E. 680.

"It may be stated as a rule, that a mortgagor of a vessel who is allowed to remain in possession has an implied authority to create repairs which will take priority of the mortgage." Jones, Chat. Mortg. § 535; Beall v. White, 94 U. S. 382; Scott v. Delahunt, 65 N. Y. 128.

"Where property is to be retained and used by the mortgagor for a long period of time, it will be presumed to have been the intention of the parties to the mortgage, where it is property liable to repairs, that it is to be kept in repair, and when the property is machinery, or property of a character which renders it necessary to entrust it to a mechanic or machinist to make such repairs, the mortgagor in possession will be constituted the agent of the mortgagee to procure the repairs to be made, and as such necessary repairs are for the betterment of the property, and add to its value, to the gain of the mortgagee, the common-law lien of the mechanic for the value of the repairs is paramount and superior to the lien of the mortgage. The mortgagee is presumed in such case to have contracted with a knowledge of the law giving the mechanic a lien." Jones, Liens, 3d ed. p. 761; Watts v. Sweeney, 127 Ind. 116, 22 Am. St. Rep. 615; Drummond Carriage Co. v. Mills, 54 Neb. 417, 40 L.R.A. 761, 60 Am. St. Rep. 719, 74 N. W. 906. The case of Drummond Carriage Co. v. Mills is followed and sustained in the following cases: Platte Valley Cattle Co. v. Bosserman- Gates L. S. Co. 202 Fed. 692; J. A. Broom & Son v. Dale & Sons (Miss.) 67 So. 659; Walden Auto Co. v. Mixon (Ala.) 71 So. 694; Shaw v. Webb (Tenn.) 174 S. W. 273; Meyers v. Neeley (Md.) 121 Atl. 916; Johnson v. Yates (N. C.) 110 Atl. 603.

*Campbell & Funke,* for respondent.

"The complaint must affirmatively show the right to a lien and that all conditions prescribed by statute have been complied with." Price v. Doyle (Minn.) 26 N. W. 14.

"A complaint in an action to enforce a mechanic's lien must, of course, state facts sufficient to constitute a cause of action—must, by its allegations of fact, show plaintiff entitled to judgment." Franko-

viz. v: Ireland (Minn.) 26 N. W. 225. See also Hurlbert v. New Ulm (Minn.) 49 N. W. 521.

. "The test is whether the various items of the account as set forth in plaintiff's lien statement may be considered as one transaction." National L. Ins. Co. v. Ayres (Iowa) 82 N. W. 607.

"All the materials for which there are charges in a claim for a mechanic's lien must have been furnished as parts of one transaction or under one contract for a building or job of work." Nye v. Berger (Neb.) 73 N. W. 274.

BIRDZELL, J. This is an appeal from a judgment for the defendant entered pursuant to an order sustaining a demurrer to the complaint. The action is one to foreclose a lien and the complaint alleges the following facts: That plaintiff is a blacksmith having an established place of business in the city of Minot; that at the request of the defendant Ruthenberg he performed certain work and labor and furnished certain materials in the alteration and repair of the property described in an attached lien statement; that the balance due on account of such labor and material is $225.70; that the defendant, the First International Bank of Minot, claims a mortgage lien on the property described in the lien notice and that notice of intention to foreclose was duly served on it; that the lien statement was filed in the office of the register of deeds on February 6, 1923. The lien statement, which was attached and made a part of the complaint, recites that between the 5th day of April, 1921 and the 27th day of January, 1923, the defendant Ruthenberg was the owner and possessor of certain described property, to wit: Seven horses and mares and certain described buggies, wagons, plows and other farming implements, upon which the plaintiff performed work and furnished materials, as shown in a statement of account attached. This statement contains many items of materials and labor furnished from April 5, 1921 to January 27, 1923, inclusive. The account embraces items for sharpening plows, shoeing horses, repairing wagons and buggies, furnishing new repairs, etc. It is conceded that the last item in the account is the only one furnished within the period of thirty days prior to the filing of the lien statement, and in the lower court it seems to have been agreed that this item should be eliminated for purposes of the ruling on the demurrer. In other

words, it was desired to test by demurrer whether or not the alleged lien was good as to the items not furnished within the thirty days prior to the filing of the lien statement, it being admitted that the lien statement was filed within thirty days after the furnishing of the last item.

. The appellant contends that the complaint states facts sufficient to constitute a cause of action for the foreclosure of a valid lien or liens upon the personal property described on account of the furnishing of the labor and materials, as stated in the itemized statement of account, beginning in April, 1921, and ending in January, 1923, and that the lien or liens are superior to any lien, by way of mortgage, of the defendant, the First International Bank. The argument is founded on chapter 182 of the Session Laws for 1917, which amends § 6877 of the Compiled Laws for 1913. This statute is as follows:

"Any blacksmith or mechanic having an established place of business within the state who makes, alters, or repairs, any personal property, at the request of the owner or legal possessor of the property, shall have a lien upon the same for his reasonable charges for work done and materials furnished, until the charges are paid, and said lien shall have priority over all other liens, chattel mortgages or encumbrances against said personal property; provided, however, that any person entitled to a lien under this section shall, within thirty days after all materials are furnished or labor performed in altering or repairing such personal property, file in the office of the Register of Deeds of the County, a statement in writing, verified by oath, showing the labor performed, or other materials furnished, the price agreed on for the same, if no price is agreed on then state the reasonable value thereof, the name of the person for whom the work or labor was performed, or to whom materials were furnished, or both, and descriptions of the property upon which lien was claimed; provided, that when the person retains possession of this property so altered or repaired no statement is required to be filed as above provided; provided, that if any person makes, alters or repairs more than one article of the personal property for the same owner or legal possessor thereof, he may include all such articles of personal property so made, altered or repaired, in the same statement and the statement so made shall have the same force and effect to each article enumerated therein as though a separate statement has been filed for each of said articles so made, altered or repaired.

"Unless the person entitled to said lien shall file such statement within the time aforesaid, he shall be deemed to have waived his right thereto; provided, further, that the person holding such lien, on property that has been previously encumbered by mortgage, before the foreclosure of same, shall give to the record holder of such mortgage twenty days' notice in writing of his intention to foreclose said lien before beginning action or proceedings for foreclosure of the same, which notice may be served by sending same in a registered letter addressed to such mortgagee at his last known postoffice address; and provided, further that the holder of any mortgage against property on which lien herein provided for, shall have been filed, may at any time previous to sale, pay off the amount due on such lien, the holder thereof shall assign the same to such person, and thereafter he shall be entitled to all rights that the person filing said lien would have, had the same not been paid."

It is said that the above act evidences an "intent that all charges could be included in the lien, no matter how remote, if within the statute of limitations" since the statute provides that the lien may be filed within thirty days after *"all materials are furnished or labor performed."* We are of the opinion that the statute cannot be thus construed. We think it clear that it does not purport to give a lien on one article of personal property for repairs furnished to or labor performed upon a different article. While the statute permits the inclusion of various items for which a lien is given and descriptions of various articles of personalty made, altered or repaired in the same statement, it expressly provides that the statement "shall have the same force and effect to each article enumerated therein as though a separate statement had been filed for each of said articles so made, altered or repaired," and it nowhere provides that it shall have any different effect. Hence, the lien statement merely serves as notice of the existence of the lien as to each described article which is subject to a lien for its own alteration or repair. To adopt the appellant's construction of the statute, we would be required to hold that the filing of a lien statement within thirty days after the sharpening of certain plow lays in the winter or spring of 1923, would have the effect of reviving a lien for repairing a buggy a year before which lien had been lost through parting with possession and the failure to file a lien state-

ment covering work done within thirty days from its completion. The statute, in our opinion, affords no evidence of a legislative intention to lay any such penalty on continued patronage.

Judgment affirmed.

BRONSON, Ch. J., and JOHNSON, CHRISTIANSON, and NUESSLE, JJ., concur.